## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HECTOR NUNEZ** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| **HARVEY GULF INTERNATIONAL MARINE, LLC** | **JUDGE** |
| | **MAGISTRATE JUDGE** |
| | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Hector Nunez, who respectfully brings suit against Harvey Gulf International Marine, LLC and avers as follows:

### I. PARTIES

1. Plaintiff, Hector Nunez (hereinafter referred to as "Plaintiff" or "Mr. Nunez"), a person of the full age of majority residing in the Parish of Jefferson, State of Louisiana, brings this Civil Action under the Jones Act, 46 U.S.C. § 30104, *et seq.*, with pendent and/or ancillary claims under the General Maritime Law.

2. Defendant, Harvey Gulf International Marine, LLC (hereinafter referred to as "Harvey Gulf" and/or "Defendant"), is a Louisiana limited liability company licensed to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business in Orleans Parish, Louisiana.

3. At all times pertinent hereto, Harvey Gulf owned, operated, and/or crewed the offshore supply vessels HARVEY AMERICA and HARVEY FREEDOM.

1

## II. JURISDICTION & VENUE

4. This Honorable Court has admiralty and maritime jurisdiction over this matter under 28 U.S.C. § 1333. This case is brought pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.*, and all amendments and extensions thereto, and pursuant to the General Maritime Law of the United States for negligence and unseaworthiness.

5. Venue is proper because the acts and omissions made the basis of this Complaint occurred within the territory of the United States District Court for the Eastern District of Louisiana.

6. At all times relevant herein, Plaintiff was an employee of Harvey Gulf and was a seaman and member of the crew of the vessel or fleet of vessels owned by Defendant.

## III. FACTS AND ALLEGATIONS

7. At all times pertinent herein, Plaintiff was employed by Harvey Gulf as a seaman, and assigned to work aboard the fleet of vessels owned, operated and/or crewed by Harvey Gulf, including but not limited to the M/V HARVEY AMERICA and M/V HARVEY FREEDOM, as a member of the crew, such that he contributed to the function and/or mission of said vessel(s) and maintained a connection to said vessel(s) that was substantial in both duration and nature.

8. Upon information and belief, in or around the summer of 2019, Plaintiff was assigned to, and working aboard the deck of the M/V HARVEY AMERICA, in the navigable waters of the Gulf of Mexico.

9. At that time, the captain and crew of the M/V HARVEY AMERICA were performing a cargo loading and/or offloading operation aboard the vessel, in or around the Perdido Block, offshore in the Gulf of Mexico.

10. The deck of the M/V HARVEY AMERICA had other cargo on it. Throughout the

operation, the captain of the vessel instructed the crew about when, where, and how the cargo was to be placed on the deck. The captain was also responsible for the position of the vessel during operations.

11. Plaintiff and another deckhand were assigned to assist in loading and/or offloading cargo from the deck of the M/V HARVEY AMERICA, under the direction of the captain of the vessel and the flagger, who was also a member of the crew and on the deck of the vessel.

12. Plaintiff was holding the tagline attached to the load, as instructed by the flagger, when without warning, and due to the negligence of the Defendant, and the unseaworthiness of the M/V HARVEY AMERICA, Plaintiff's right arm was jerked hard, causing him to sustain injuries to his body, including, but not limited to, his right arm and shoulder.

13. As a result of this incident, Plaintiff was brought to Harvey Gulf's company doctor who prescribed medication, and upon information and belief, ordered an MRI of his right shoulder.

14. Upon information and belief, Harvey Gulf did not obtain an MRI of Plaintiff's right arm as ordered by the doctor. Upon information and belief, Harvey Gulf filled Plaintiff's prescription and allowed him to return to work at that time, without the necessary and recommended medical care of its doctor, and without obtaining a fit for duty release from the doctor.

15. Subsequently, on or around August 9, 2020, Mr. Nunez was assigned to, and working aboard, the M/V HARVEY FREEDOM in inland waters.

16. At that time, the captain of the M/V HARVEY FREEDOM had just moved the vessel from one part of a dock to another part of the dock in Fourchon for the vessel to sit on standby. The captain and crew of the vessel were working to secure the vessel to the dock.

17. Crew members made multiple attempts to secure the bow of the M/V HARVEY

FREEDOM by throwing a monkey line to the dock, but the line kept landing in the water and not reaching the dock.

18. Mr. Nunez was getting ready to lower the gangway when the captain learned the bow was not secured. Mr. Nunez was relocated to the bow.

19. Mr. Nunez was instructed to throw the monkey-line out of a small window from the bow of the M/V HARVEY FREEDOM to the dock, during which, Mr. Nunez injured his arm/shoulder and/or aggravated a preexisting arm/shoulder injuries.

20. The incidents in question were caused by the negligent acts of Harvey Gulf and the unseaworthiness of the M/V HARVEY AMERICA and M/V HARVEY FREEDOM respectively, and the captain and crew of both vessels, which were owned, operated, and/or controlled by Harvey Gulf.

21. The incidents in question were not in any way caused by the actions of Plaintiff.

## IV. CAUSES OF ACTION

### First Count – Jones Act Negligence

22. Plaintiff brings this action against Defendant Harvey Gulf under the provisions of the statutes of the United States, more particularly, the Jones Act, 46 U.S.C. § 30104, *et seq.*

23. Under the Jones Act, Harvey Gulf owed Plaintiff a safe place to work, which duty was violated through the negligence of Defendant, its officers, agents, and/or employees, and this violation had a causative relationship to Plaintiff's injuries.

24. Plaintiff contends that Defendant Harvey Gulf failed to provide Plaintiff with a safe place to work, failed to provide safe and sufficient gear, tools, and/or appurtenances, to provide proper safety equipment and adequate training, failed to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, and failed to

provide proper medical treatment to Plaintiff, all of which proximately caused the injuries sustained by Plaintiff.

### Second Count – General Maritime Law Negligence and Unseaworthiness

25. Additionally, and/or alternatively, Plaintiff alleges that the Defendant Harvey Gulf is liable to Plaintiff under the General Maritime Law for negligence, and/or for a breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including its crew, gear, tools, and/or appurtenances.

26. Plaintiff contends that at all times relevant hereto, Defendant Harvey Gulf owned and/or operated and/or owned *pro hac vice* and/or crewed the vessels upon which Plaintiff was injured – the M/V HARVEY GULF and/or the M/V HARVEY FREEDOM.

27. Plaintiff further contends that the vessel or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, Defendant Harvey Gulf's failure to provide Plaintiff a safe method and/or safe and adequate accommodations to perform work on the M/V HARVEY AMERICA and/or M/V HARVEY FREEDOM.

28. Plaintiff further contends that Defendant Harvey Gulf failed to provide Plaintiff with a safe place to work, failed to provide safe and sufficient gear, tools, and/or appurtenances, failed to provide proper safety equipment and adequate training, failed to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, and failed to provide proper medical treatment to Plaintiff, all of which proximately caused the injuries sustained by Plaintiff.

29. A proximate cause of the accident complained of herein was the fault and/or negligence attributable to Harvey Gulf, and through its master, employees, and/or agents and/or

the unseaworthiness of the M/V HARVEY AMERICA and/or M/V HARVEY FREEDOM respectively in the following non-exclusive particulars:

a. Failure to maintain a safe place to work;

b. Failure to operate the vessel in a reasonably safe manner;

c. Failure to maintain the stability of the vessel or position the vessel in a way to allow for safe operation;

d. Failure to shut down the operation due to unsafe conditions, weather conditions, and/or overloading the deck of the vessel;

e. Failure to properly supervise the method of and work being performed by its employees;

f. Failure of the captain and/or flagman to properly and reasonably notify the vessel crew of potential hazard(s);

g. Failure to have a proper lookout;

h. Failure to adequately train its crew;

i. Failure to have adequate communication for the work being performed;

j. Failure to adhere to ordinary and standard safety procedures aboard a vessel;

k. Failure to provide the crew with a safe and reasonable workplace;

l. Failure to implement and oversee safe and reasonable methods of work;

m. Failure of the captain to keep the vessel stable and/or in the alternative, to operate the vessel in a safe manner, with safe conditions, and/or in safe weather conditions;

n. Failure of Harvey Gulf to provide Plaintiff with proper medical care; and

o. Other actions or inactions which constitute negligence and/or unseaworthy conditions and will be proven at the trial of this matter.

## V. DAMAGES

As a result of the above incidents, Plaintiff has sustained the following damages:

a. Past, present, and future physical pain and suffering;

b. Past, present, and future mental pain and suffering;

c. Past, present, and future lost wages;

d. Loss of future earning capacity;

e. Past, present, and future medical expenses;

f. Past and future loss of fringe benefits;

g. Loss of enjoyment of life;

h. Loss of found; and

i. Other damages that will be established at the trial of this matter.

30. Pursuant to the General Maritime Laws of the United States of America, the defendant Harvey Gulf owed the absolute and non-delegable duty to provide Plaintiff with maintenance and cure benefits from the date of his injury until he reaches the point of maximum medical improvement.

31. Plaintiff is entitled to pre-judgment interest on his damages from the date of loss.

## VI. JURY DEMAND

32. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Hector Nunez, prays that the Defendant, Harvey Gulf International Marine, LLC be cited to appear and answer this complaint; and after legal delays and due proceedings had, that there be judgment herein in favor of the Plaintiff and against the Defendant for a sum to be determined by the trier of facts, together with the legal interest thereon

from the date of loss, plus all appropriate costs of these proceedings. Plaintiff further prays for all other general and equitable relief required or necessary in the premises.

Dated:  April 29, 2022					All of which is respectfully submitted,

						*/s/ Hugh P. Lambert*
						HUGH P. LAMBERT, T.A. (LA Bar #7933)
						J. CHRISTOPHER ZAINEY, JR. (LA Bar #32022)
						JACKI L. SMITH, ESQ. (LA Bar #34769)
						BRIAN J. MERSMAN, ESQ. (LA Bar #38624)
						Lambert, Zainey, Smith, and Soso, APLC
						701 Magazine Street
						New Orleans, Louisiana 70130
						T: (504) 581-1750; F: (504) 529-2931
						hlambert@lambertzainey.com
						czainey@lambertzainey.com
						jsmith@lambertzainey.com
						bmersman@lambertzainey.com


						*Counsel for Plaintiff, Hector Nunez*